728 P.2d 473

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Richard JOHNSON,
Defendant-Appellant.**

**No. 8904.**

Court of Appeals of New Mexico.

Aug. 19, 1986.

Certiorari Denied Oct. 16, 1986.

Paul G. Bardacke, Atty. Gen., John M. Paternoster, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Warren F. Reynolds, P.A., Hobbs, Winston Roberts-Hohl, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his convictions of twelve counts of fraud, one count of conspiracy, and one count of racketeering. We discuss defendant's claims of error as to: (1) failure of proof; (2) denial of mistrial; (3) unconstitutionality of the Racketeering Act, NMSA 1978, Sections 30–42–1 to –6 (Repl.Pamp.1980); (4) propriety of jury instruction; and (5) mistake in sentencing. Other issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Shafer*, 102 N.M. 629, 698 P.2d 902 (Ct.App.), *cert. denied*, 102 N.M. 613, 698 P.2d 886 (1985). We affirm in part and reverse in part.

Defendant and his wife operated a used car and automotive repair business in Hobbs. A nineteen-count indictment charged defendant and his wife with fraud, conspiracy and racketeering arising out of allegations of overcharging for vehicle repairs, falsifying claims to insurance companies, charging for work not performed, billing for new automotive parts which were not installed, and falsifying documents regarding sales of vehicles.

## I. SUFFICIENCY OF EVIDENCE

**(A)** *Variance.* Defendant contends that there was a failure of proof as to the offenses alleged in Counts I, III, V, VII, IX, XI, and XII because of a variance between the allegations of the indictment and the evidence presented at trial relating to the identification numbers of the motor vehicles. Each of these counts alleged that defendant had fraudulently obtained monies by filing false claims for automotive repairs with insurance companies.

At the close of the state's case-in-chief, defendant moved to dismiss the above counts on the ground of failure of proof. The trial court denied the motion. Defendant claims error because in five of the foregoing counts, there was a variance as to a single letter or number between evidence of the identification numbers presented at trial and the allegations of the indictment; in Counts III and IV, there was a two-character variance.

The state asserts that the differences in the vehicle identification numbers constituted harmless error arising from minor typographical mistakes constituting a one or two-character variance. We agree. *See State v. Trujillo*, 91 N.M. 641, 578 P.2d 342 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978); *State v. Lucero*, 79 N.M. 131, 440 P.2d 806 (Ct.App.1968). Defendant does not contend that he was misled into thinking that other vehicles were involved, nor does defendant argue that the preparation of his case or the conduct of his defense at trial was prejudiced by the variance. Instead, defendant asserts that the variance constituted a failure of proof and, consequently, his convictions on these counts place him in double jeopardy.

NMSA 1978, Crim.P. Rule 7(c) (Repl. Pamp.1995), states:

> (c) **Variances.** *No variance between those allegations of a* complaint, *indictment,* information or any supplemental pleading *which state the particulars of the offense,* whether amended or not, *and the evidence offered in support thereof shall be ground for the acquittal of the defendant unless such variance prejudices substantial rights of the defendant.* The court may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence. If the court finds that the defendant has been prejudiced by an amendment, the court may postpone the trial or grant such other relief as may be proper under the circumstances. [Emphasis added.]

Each of the challenged counts specified the type of car involved in the alleged fraud, the owner of the vehicle, the date of the offense, and the nature of the illegal conduct. At trial, the state presented evidence bearing upon each of these matters. The trial court's denial of the motion to

dismiss was not error; there was no showing that any substantial right of defendant was affected, the convictions were supported by substantial evidence, and no prejudice has been demonstrated. *See State v. Pina*, 90 N.M. 181, 561 P.2d 43 (Ct.App. 1977); Crim.P.R. 7(c). A variance is not fatal unless the accused cannot reasonably anticipate from the indictment what the nature of the proof against him will be. *State v. Ross*, 100 N.M. 48, 665 P.2d 310 (Ct.App.1983).

■ Defendant's contention that these errors have subjected him to double jeopardy is also without merit. Defendant asserts that he could be convicted again on these charges because of the variance in the vehicle identification numbers. Under Crim.P. Rule 7(c), the variance is not treated as a different offense; defendant would be able to preclude a second prosecution by demonstrating the variance. *See State v. Kerr*, 142 Ariz. 426, 690 P.2d 145 (App. 1984); *State v. Bird*, 238 Kan. 160, 708 P.2d 946 (1985).

Defendant's reliance on *State v. Foster*, 87 N.M. 155, 530 P.2d 949 (Ct.App.1974), is misplaced. In *Foster*, defendant was charged with the commission of the offense of sodomy "[o]n or about August, 1973." At trial, a juvenile testified that three separate sexual acts occurred within a span of approximately one month. Under the circumstances the court held that defendant was not placed on notice as to the specific act charged and that the lack of notice prejudiced his defense. Unlike the factual situation in *Foster*, defendant here has failed to demonstrate prejudice. In the instant case, there is no doubt as to each of the vehicles which were the subject of proof at trial. Sufficiency of an indictment is measured by whether it adequately apprises the accused of the offense intended to be charged, what he must be prepared to defend against, and by whether it is specific enough to make a plea of double jeopardy possible. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Here, the variance was not preju-

dicial, and the indictment and proof were sufficient to avoid double jeopardy.

**(B)** Defendant also asserts that there was a variance between the indictment and the evidence at trial as to Counts V and XII (each alleging fraudulent claims for vehicle repairs). Count V of the indictment charged that defendant misappropriated or took money belonging to "T.B.A. Insurance Company" by filing a false claim with the "W.J. Agency" for alleged repairs on a 1977 Datsun 280 Z sold by Johnson Motor Company to Steve Patterson.

Count XII of the indictment alleged that defendant misappropriated or took money belonging to "T.B.A. Insurance Company" by filing a false claim with the "W.J. Agency" for alleged repairs on a 1979 Buick Regal sold by Johnson Motors Company to Plimpton Frailey.

Proof at trial and the instructions on Counts V and XII, indicated that defendant falsified repair estimates on the vehicles to the "T.B.A. Company." The variance omitting the word "Insurance" from the name of the corporate victim was not material.

■ When a variance between the indictment and proof at trial is claimed to constitute reversible error, the dispositive issue on appeal is whether the indictment sufficiently apprised the accused with sufficient specificity to allow him to prepare his defense and raise any resulting conviction as a bar to future prosecution arising out of the same conduct. *State v. Lott*, 73 N.M. 280, 387 P.2d 855 (1963). *See also England v. United States*, 174 F.2d 466 (5th Cir.1949) (variance in name of victim of larceny held not prejudicial); *People v. Montgomery*, 96 Ill.App.2d 994, 52 Ill.Dec. 545, 422 N.E.2d 226 (1981) (variance in name of victim of aggravated assault held not reversible error); *Bates v. State*, 486 N.E.2d 574 (Ind.App.1985) (variance in name of owner of property burglarized did not vitiate conviction). Here, the variance complained of was not prejudicial and our review of the record indicates that defendant's convictions were supported by substantial evidence. Counts V and XII of the indictment specifically referred to the ve-

hicles involved, the vehicle identification numbers, the owners of the vehicle, and the general dates the offenses were alleged to have been committed. Proof at trial conformed to the material allegations of the indictment.

■ Defendant also argues that Crim.P. Rule 7(c) is inapplicable because the state did not move to amend the indictment. We disagree. The fact that the state did not move to amend does not make Rule 7 inapplicable. Rule 7 states that, without a showing of substantial prejudice, defendant is not entitled to acquittal because of a variance, irrespective of whether the indictment is amended or not. Defendant relies on *State v. Crump,* 82 N.M. 487, 484 P.2d 329 (1971), where it was held that when a criminal offense is charged in general terms and is followed by a detailed statement of facts concerning the offense, the state is restricted to establishing the facts so detailed. The result in *Crump* is distinguishable from the present case. Here, defendant did not seek or obtain a detailed statement of facts, the charges are supported by substantial evidence and there has been no prejudice demonstrated.

■ Defendant argues further that the variance between the indictment and the two instructions naming the alleged victim as "T.B.A. Insurance Company" constitutes a failure of proof and subjects him to double jeopardy. We disagree. This objection was not raised at trial. Instructions 7 and 14, given by the trial court, list "T.B.A. Company" as the victim of the alleged fraud as to Counts V and XII. Absent fundamental error that is jurisdictional, instructions not objected to by defendant become the law of the case. *See State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (Ct.App.), *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977); *see also State v. Cheadle,* 101 N.M. 282, 681 P.2d 708 (1983), *cert. denied,* 466 U.S. 945, 104 S.Ct. 1930, 80 L.Ed.2d 475 (1984). This slight difference in the name of the victim did not constitute a jurisdictional variance. The instructions correctly detail each of the essential elements of fraud. *See* NMSA 1978, UJI Crim. 16.30 (Repl.Pamp.1982). The instructions adequately alerted him to the offenses charged, the victim involved, and the convictions were supported by substantial evidence.

## II. DENIAL OF MISTRIAL

During trial and prior to the close of evidence, the court notified counsel that it had been contacted by a juror. The judge spoke with the juror outside the presence of the parties and made a memorandum of the conversation. The juror reported that another panel member had made remarks which cast doubt on that juror's impartiality, mental stability, and willingness to follow the court's instructions. The juror purportedly stated that her phone was tapped; she was under investigation; the "whole case was a crock;" the state's witnesses were "paid off;" and "they" were trying to get her kicked off the jury. The trial judge asked the reporting juror whether her hearing of these remarks had prejudiced her in any way. The juror responded they had not. The court then spoke to the juror who allegedly made the statements. She denied telling any other juror that she was under "investigation." She admitted being acquainted with and speaking to a defense witness, but she denied speaking about the case. The trial judge excused this juror and reported the matter to counsel. Defendant moved for a mistrial. Following a hearing, the court denied defendant's motion.

■ After a preliminary showing that unauthorized jury contact has occurred, the court has a duty to inquire into the possibility of prejudice. *State v. Doe,* 101 N.M. 363, 683 P.2d 45 (Ct.App.1983). In a criminal case, however, any private communication between the court and members of the jury, outside the presence of defendant and his counsel, is improper and presumptively prejudicial. *See State v. Gutierrez,* 78 N.M. 529, 433 P.2d 508 (Ct.App.1967); NMSA 1978, UJI Crim. 1.00 (Cum.Supp. 1985); *see also State v. Melton,* 102 N.M. 120, 692 P.2d 45 (Ct.App.1984). This presumption, however, is not irrebuttable. In-

stead, the party resisting a mistrial must show that the communication was harmless and did not affect the verdict. *See State v. Melton.*

 After being alerted to the comments of the juror, the trial court questioned the juror who purportedly made the statements. There was no showing that the juror's statement was heard by anyone other than the one juror who reported the incident. The jury member did not participate in deliberations, and there is nothing in the record indicating that any part of this conversation was communicated to other jurors. Determination of whether the presumption of prejudice has been overcome rests within the sound discretion of the trial court. *State v. Ho'o,* 99 N.M. 140, 654 P.2d 1040 (Ct.App.), *cert. denied,* 99 N.M. 148, 655 P.2d 160 (1982). After reviewing the record, we find no error in the denial of the motion for mistrial.

## III. CONSTITUTIONALITY OF RACKETEERING STATUTE

Defendant challenges the constitutionality of the New Mexico Racketeering Act, Sections 30–42–1 through –6, on a multitude of grounds.

**(A)** Defendant argues that the racketeering statute is constitutionally infirm because it permits a conviction based upon a standard of proof less than the requirement of "beyond a reasonable doubt." Defendant reasons that since the definition of "racketeering" in Section 30–42–3(A) provides that the offense includes "any act which is chargeable or *indictable* " under the laws of this state involving any of eighteen specifically enumerated felonies, the law does not require proof of guilt by the standard of "beyond a reasonable doubt." (Emphasis added.) Since a *charge* or *indictment* may be returned upon proof of probable cause, defendant contends that a conviction under the Racketeering Act may be based on an improper standard of proof.

 Under this contention, defendant seeks to challenge the Racketeering Act on a basis factually different from the situation which is shown from the record. In the present case, defendant was both *indicted* and *convicted* of each of the predicate offenses involved in the offense of racketeering. The instructions given by the trial court properly advised the jury that each element of the offense of racketeering must be established by proof "beyond a reasonable doubt." A constitutional challenge is open only to a person who demonstrates that his constitutional rights are affected by the application of the challenged law. *State v. Casteneda,* 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982).

**(B)** Defendant also asserts the racketeering statute is unconstitutional because it irrationally applies to both legitimate and illegitimate business activities. We disagree. As stated in Section 30–42–2, the purpose of the Racketeering Act "is to eliminate the infiltration and illegal acquisition of legitimate economic enterprise by racketeering practices and the use of legal and illegal enterprises to further criminal activities." Defendant does not explain how the statute prohibits "legitimate business activities." The statute does not condemn legal enterprise, only those enumerated illegal acts which are carried on through the auspices of legal or illegal enterprises. *See* §§ 30–42–3 & –4.

New Mexico's Racketeering Act was patterned after the federal statute, Title IX of the Organized Crime Control Act of 1970 (Racketeer Influenced & Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961 to 1968). The federal RICO Act has withstood numerous challenges to its constitutionality, including assertions that the "statute is unconstitutionally vague." *See United States v. Tripp,* 782 F.2d 38, 42 (6th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 1656, 90 L.Ed.2d 199 (1986), and cases cited therein. Because of the similarity of the two enactments, federal decisions interpreting the federal RICO Act are instructive.

Under the state Act, Section 30–42–4, subsections A, B and C, the offense of racketeering requires proof that defendant

has engaged in a "pattern of racketeering activity." A "pattern of racketeering activity" means participating in at least two other specifically enumerated predicate offenses with the intent to accomplish "any of the prohibited activities set forth in Subsections A through D of Section 30–42–4, NMSA 1978; provided at least one of such incidents occurred after the effective date of the Racketeering Act and the last of which occurred within five years after the commission of a prior incident of racketeering." § 30–42–3. The provisions of the state Racketeering Act are not unconstitutionally vague in proscribing clearly enumerated criminal activities which are perpetrated either through legitimate business or illegitimate business activities. *See United States v. Castellano*, 416 F.Supp. 125 (E.D.N.Y.1975).

(C) Next, defendant argues that the Racketeering Act violates the Due Process Clause of the federal and state constitutions and is overbroad in its application. Defendant contends that the state statute improperly restricts legitimate business activities which are unrelated to the express purpose of the statute. We disagree. Discussing a similar claim, the court in *United States v. Aleman*, 609 F.2d 298 (7th Cir. 1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980), held that the broad scope of the federal RICO statute, which includes both legitimate and illegitimate enterprises, is not void for vagueness.

■ The offense of racketeering, like the crime of conspiracy, enjoins the use of lawful means to accomplish an illegal purpose. *See State v. Chavez*, 99 N.M. 609, 661 P.2d 887 (1983) (defining conspiracy as a common design or agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means). Here, the jury determined that defendant was using a legitimate business to carry out fraudulent activities against banks and insurance companies. Proscription and punishment of this type of activity is clearly within the intended purpose of the statute. The Racketeering Act, as applicable to defendant's convictions herein, is neither vague nor overbroad. *See United States v. Aleman; United States v. Hawes*, 529 F.2d 472 (5th Cir.1976); *see also* Tarlow, *RICO Revisited*, 17 Ga.L.Rev. 291, 313–15 (1982).

(D) Defendant contends that the Racketeering Act violates constitutional guarantees of equal protection because the legislation lacks a reasonable basis. Specifically, defendant claims there is no rational basis for a classification which prohibits the use of both legal and illegal enterprises to further criminal activities.

■ The test of whether a statute comports with the requirements of due process necessitates a determination as to whether the legislation has a real and substantial relation to the objective sought to be accomplished. *See Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978); *see also State v. Collins*, 61 N.M. 184, 297 P.2d 325 (1956). The stated purpose of the Racketeering Act is "to eliminate * * * the use of legal and illegal enterprises to further criminal activities." § 30–42–2. The challenged legislation is reasonably formulated to achieve the proscribed objective. We conclude that the statute passes constitutional muster under both the state and federal constitutions on the grounds raised by defendant.

(E) Defendant claims that punishment for the predicate offense of fraud and additional punishment for the offense of racketeering is impermissible under the constitutional prohibition against double jeopardy, and that under the Racketeering Act, he is being punished twice for the same conduct.

■ The guarantee against double jeopardy protects against a second prosecution for the same offense, after acquittal or conviction, and against multiple punishments for the same offense. *Tipton v. Baker*, 432 F.2d 245 (10th Cir.1970). *See State v. Spillmon*, 89 N.M. 406, 553 P.2d 686 (1976). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284

U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). In the present case, defendant was charged with racketeering under Count XIX. The charge alleged defendant committed the predicate offenses of fraud as charged in Counts I through XIII, and XV through XVII. The charge of racketeering requires proof of matters in addition to those required by the predicate offenses. *See United States v. Hartley,* 678 F.2d 961 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983); *United States v. Rone,* 598 F.2d 564 (9th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980). Racketeering requires proof of a pattern of racketeering activity. *See id.;* 18 U.S.C. § 1962(c); § 30–42–4. Examination of the state Racketeering Act reveals a clear legislative intent to impose cumulative sentencing for the offense of racketeering as well as the underlying predicate offenses. *See United States v. Hartley; see also United States v. Rone.*

(F) Defendant contends that the sentence imposed incident to his conviction for racketeering constitutes cruel and unusual punishment because he was sentenced for each of the predicate offenses of fraud and also received a more severe penalty for racketeering. We disagree. Defendant was separately sentenced for twelve counts of fraud, and one count of conspiracy. These sentences were ordered to be served concurrently with his sentence for racketeering. The sentences imposed were not in excess of the penalties provided by law. The length of sentence is a legislative prerogative. *State v. Archibeque,* 95 N.M. 411, 622 P.2d 1031 (1981). An argument similar to the one advanced by defendant herein was rejected by the court in *United States v. Field,* 432 F.Supp. 55 (S.D.N.Y. 1977). There, the court held that Congress may validly make racketeering an independent criminal offense, punishable separately and apart from the penalty proscribed for each constituent offense.

(G) Defendant also attacks the proportionality of his racketeering sentence arguing that it constitutes cruel and unusual punishment. Defendant does not claim that the sentence enacted by the legislature or that imposed by the court below, is disproportionate to the sentence imposed for the commission of the same offense in other jurisdictions. Instead, defendant argues that an impermissibly greater sentence has been imposed for racketeering than for his convictions of fraud. This argument is flawed. Unlike the Racketeering Act, the fraud statute does not proscribe the commission of criminal acts carried out by a pattern of activity conducted through a legal or illegal enterprise. *See* NMSA 1978, § 30–16–6 (Repl.Pamp.1984). Since the racketeering statute has this proscription, it is reasonable to view racketeering as a more serious offense.

The predicate offenses of fraud do not merge into the offense of racketeering. *See United States v. Hartley; see also* 58 Notre Dame L.Rev. 382 at 391 (1982). The effect of the federal RICO statute is to create a separate offense for the commission of certain crimes, which are themselves indictable, where the predicate crimes are committed by an employee or associate of an enterprise in the conduct of its affairs, through "a pattern of racketeering activity." *Baines v. Superior Court in & for the County of Pima,* 142 Ariz. 145, 688 P.2d 1037 (Ct.App.1984). Included as a separate element in the federal RICO offense is the act of engaging in "a pattern of racketeering activity." 18 U.S.C. § 1962(c). *See Baines v. Superior Court in & for the County of Pima.* A similar provision appears in the state Racketeering Act. §§ 30–42–3 & –4.

In *United States v. Rone, United States v. Truglio,* 731 F.2d 1123 (4th Cir.), *cert. denied,* 469 U.S. 862, 105 S.Ct. 197, 83 L.Ed.2d 130 (1984), and *United States v. Aleman,* the courts, applying federal law, found that the predicate offenses do not merge with the RICO offense. Those decisions were grounded upon the findings of congressional intent. New Mexico's Racketeering Act, we similarly conclude, evinces an implicit legislative intent that the crime of racketeering constitutes a separate and distinct offense apart from the enumerated

predicate crimes. *See* §§ 30–42–3 & –4. Thus, a separately imposed punishment for racketeering, apart from the sentences levied for the predicate offenses, does not constitute double jeopardy. Under New Mexico's Act, engaging in "a pattern of racketeering activity," is a separate element of the offense of racketeering, distinct from the existence of the enterprise and the participation of the individual therein. *See* § 30–42–4.

■■■ **(H)** A further claim of unconstitutionality is grounded upon the argument that the state Racketeering Act conflicts with the habitual criminal statute and, hence, is void. *See* NMSA 1978, § 31–18–17 (Repl.Pamp.1981). Defendant argues that the Act should be declared invalid in order to preserve the enhancement scheme of the Habitual Criminal Act. Defendant misperceives the legislative purpose and plan underlying the Racketeering Act. Defendant's conviction for violating Section 30–42–4(C) of the Racketeering Act constitutes a violation of a substantive offense. The Racketeering Act, as applicable to defendant herein, does not merely enhance the penalty for committing two or more predicate offenses; it punishes for racketeering activities carried out by means of an individual's participation in the affairs of an enterprise. In contrast, the habitual offender proceeding is a sentencing procedure and does not constitute a substantive offense. *State v. James,* 94 N.M. 604, 614 P.2d 16 (1980). There is no conflict between the two enactments.

## IV. INSTRUCTIONS

Under this point, defendant argues that his convictions for fraud, under Count I, and racketeering, under Count XIX, are invalid because of the existence of a variance between the instructions and the evidence at trial concerning the dates on which the two alleged offenses occurred.

The indictment charged that the offense of fraud alleged in Count I was committed between December 13, 1981 and January 1, 1982. Instruction No. 3, given to the jury, recited that the charge of fraud, as alleged in Count I, occurred "between December 13, 1982 and January 1, 1983." Defendant asserts that the variance resulted in an irrational verdict and a conviction unsupported by substantial evidence. Defendant argues a failure of proof because the jury was not correctly instructed on the dates of the alleged offense as stated in the indictment.

■■■ Defendant failed to alert the court to this contention at trial, and, thus, waived this claim of error. Objections to jury instructions which are not jurisdictional in nature cannot be raised for the first time on appeal when defendant did not alert the court to these objections concerning the instructions at trial. *State v. Martin,* 101 N.M. 595, 686 P.2d 937 (1984); *State v. Garcia,* 99 N.M. 771, 664 P.2d 969, *cert. denied,* 462 U.S. 1112, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983). The claim here is not jurisdictional and does not reach the essential elements of the offenses charged. *Cf. State v. Kendall,* 90 N.M. 236, 561 P.2d 935 (Ct.App.), *rev'd on other grounds,* 90 N.M. 191, 561 P.2d 464 (1977). Moreover, defendant has shown no prejudice. As held in *State v. Pina,* defendant must show that prejudice in fact exists in order to establish reversible error based on a claimed error in the date of the commission of an offense. *See also State v. Selgado,* 78 N.M. 165, 429 P.2d 363 (1967); *State v. Foster.*

In reviewing the discrepancy as to the time frame of the alleged offense, the key question is whether there was a fatal variance between the indictment and the evidence. A variance is not critical unless the accused could not have anticipated from the indictment what the proof would be, or unless a conviction on the indictment would not bar a subsequent prosecution for the same offense. *United States v. Cowley,* 452 F.2d 243 (10th Cir.1971). *See also White v. State,* 610 S.W.2d 504 (Tex.Crim. App.1981) (en banc). Defendant does not contend he was misled or prejudiced in defending on this claim. We find no error.

■■■ Defendant also contends that the jury was instructed that they could find him guilty of racketeering if they found him guilty of any two of the fraud counts, even though some of the acts of alleged

fraud occurred outside the time frame of December 13, 1981 to July 28, 1982, as alleged in the racketeering charge. We disagree. The trial court's Instruction No. 21 instructed the jury that they could not find defendant guilty of the offense of racketeering unless they found him guilty of two counts of fraud "as charged in the Indictment." This instruction was not inconsistent with Instruction No. 20. The latter instruction instructs the jury that in order to convict the defendant of racketeering, they must find that defendant committed at least two incidents of fraud between the time period of December 13, 1981 to July 28, 1982. This is the same time frame alleged in the indictment for the charge of racketeering. Jury instructions must be considered as a whole, and the jury is adjured to consider the instructions in their entirety without singling out one instruction or parts of other instructions. NMSA 1978, UJI Crim. 39.42 (Repl.Pamp.1982). *See also White v. State* (twelve-month variance between date alleged in indictment and that contained in instruction held not material where defendant failed to object to the instruction, the jury was not misled, and the instructions when read as a whole, contained the correct date of the alleged offense).

Viewed in their entirety, the instructions properly covered the essential elements of the charged offenses and conformed to the proof presented at trial. *See State v. Coulter*, 84 N.M. 647, 506 P.2d 804 (Ct. App.1973).

## V. ERROR IN SENTENCING

At the close of the state's case, the court granted defendant's motion to reduce the claim of fraud alleged in Count XII, from fraud over $2,500, to a claim of fraud in excess of $100, but not more than $2,500. This ruling had the effect of reducing the penalty for the alleged offense from a third degree felony to a fourth degree felony. *See* § 30–16–6.

The basic sentence which may be imposed for a fourth degree felony is eighteen months and, in addition, a fine not to exceed $5,000. NMSA 1978, § 31–18–15 (Repl.Pamp.1981). The trial court, how-

ever, sentenced defendant to serve a term of three years imprisonment, with two years of parole on his conviction under Count XII. The state concedes error on this point. We remand for correction of the judgment and resentencing on this count. *See State v. Ross.*

The judgment and sentences are affirmed, except as to Count XII. The case is remanded for correction of the judgment and for resentencing on the charge of fraud, under Count XII of the indictment.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.