766 P.2d 909

Frank V. MAXWELL, Alicia Jimenez, Eddie Berto Villegas and Martha Villegas, Spouses, Ismael Madrid and Judy A. Madrid, Spouses, Jose Monsivaiz and Diane Monsivaiz, Spouses, Plaintiffs–Appellants,

v.

Gayle H. WILSON and Hazel L. Wilson, Spouses, Hollingshead Realty, Inc., Hank Frank, Inc., Sunwest Bank of Las Cruces, First National Bank of Dona Ana County, and Southwest Mortgage Company, Defendants–Appellees.

No. 17647.

Supreme Court of New Mexico.

Dec. 15, 1988.

Anthony F. Avallone, Las Cruces, for appellants.

William J. Lock Albuquerque, for appellee Southwest Mortg.

Walter R. Parr, Las Cruces, Modrall, Sperling, Roehl, Harris & Sisk, R.E. Thompson, Benjamin Silva, Jr., Tim L. Fields, Albuquerque, for appellee SW Bank of Las Cruces.

Miller, Stratvert, Torgerson & Schlenker, Alice Tomlinson Lorenz, Daniel E. Ramczyk, Albuquerque, for appellee Hollingshead.

Weinbrenner, Richards, Paulowsky & Sandenaw, Neil E. Weinbrenner, Barbara J. Vigil, Las Cruces, for appellee FNB of Dona Ana.

Angel L. Saenz, Las Cruces, for appellee Hank Frank, Inc.

## OPINION

SOSA, Senior Justice.

The parties to this appeal are five sets of plaintiffs-appellants and six sets of defendants-appellees. Appellants had brought an action seeking damages for fraud, breach of contract, and "racketeering-influenced negligence." The gravamen of the complaint lay in appellants' allegations against a home builder (appellees Wilsons) who had built homes for appellants. Appellants had alleged that Wilsons, acting in concert with the interim lender on the construction projects (defendant-appellee Sunwest Bank of Las Cruces), with the permanent financing institutions (defendants-appellees Southwest Mortgage Company and First National Bank of Dona Ana County), and with two realtors who had been involved in the sale of the properties in question (defendants-appellees Hank Frank, Inc. and Hollingshead Realty, Inc.), had defrauded the appellants and otherwise injured them by building homes that were "substandard, defective and depreciated." All defendants but Wilsons moved the court, on the basis of SCRA 1986, 1–012(B)(6) and 1–009(B), for an order dismissing the complaint. The trial court granted the motions, dismissing the complaint with prejudice as to all parties but Wilsons. On appeal, we affirm the court's order and judgment of dismissal.

Appellants concede that "the only theory [for reversal] applying to the dismissed defendants" is that based on the allegations of racketeering activity as prohibited by NMSA 1978, Sections 30–42–1 to –6 (Repl. Pamp.1987 and Cum.Supp.1988, the "Racketeering Act"). We will consider these allegations as they apply to the respective appellees separately.

With respect to appellee Hank Frank, Inc., the complaint alleges that Frank told two of the appellants "that Wilsons' homes were well built and Wilson would make custom changes and allow buyers to select carpet, vinyl ceramic tile and the color of kitchen appliances." With respect to appellee Southwest Mortgage Company, the complaint alleges that two of the appellants obtained financing from Southwest only after Southwest had accepted from Wilsons a "written representation that the home[s were] built to plans and specifications." With respect to appellee Sunwest Bank of Las Cruces, the complaint alleges that Sunwest loaned construction money to Wilsons and advised appellee First National Bank of Dona Ana County that Wilsons were fine builders. With respect to appellee First National Bank, the complaint alleges that First National made a "windshield inspection" of one of the homes under construction and thereafter furnished permanent financing to one of the appellants. The same appellant alleged in the complaint, with respect to appellee Hollingshead Realty, Inc., that Hollinghead prepared purchase documents for the appellant after telling the appellant that Wilsons built "a quality home."

Appellants rely on the civil remedies section of the Racketeering Act, NMSA 1978, Section 30–42–6 (Repl.Pamp.1987), which provides in pertinent part, as follows:

A person who sustains injury to his person, business or property by a pattern of racketeering activity may file an action in the district court for the recovery of three times the actual damages proved and the costs of the suit, including reasonable attorney's fees.

NMSA 1978, § 30–42–6(A).

It is clear that the remedies provided in this section are based on the definitions in Section 30–42–3. That section defines "enterprise," in pertinent part, as "any group of individuals associated in fact although not a legal entity, and includes illicit as well as licit entities * * * *" and defines "pattern of racketeering activity," in pertinent part, as "engaging in at least two incidents of racketeering with the intent of accomplishing any of the prohibited activities set forth in Subsections A through D of Section 30–42–4 * * * *" NMSA 1978, § 30–42–3(C) and (D).

Subsections A through D of Section 30–42–4 state:

A. It is unlawful for any person who has received any proceeds derived, directly or indirectly, from a pattern of racketeering activity in which the person has participated, to use or invest, directly or indirectly, any part of the proceeds or the proceeds derived from the investment or use thereof in the acquisition of any interest in, or the establishment or operation of, any enterprise. Whoever violates this subsection is guilty of a second degree felony.

B. It is unlawful for any person to engage in a pattern of racketeering activity in order to acquire or maintain, directly or indirectly, any interest in or control of any enterprise. Whoever violates this subsection is guilty of a second degree felony.

C. It is unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs by engaging in a pattern of racketeering activity. Whoever violates this subsection is guilty of a second degree felony.

D. It is unlawful for any person to conspire to violate any of the provisions of Subsections A through C of this section. Whoever violates this subsection is guilty of a third degree felony.

Even if we concede for the sake of argument that appellees are an enterprise, it is obvious from reading Subsections A through D of Section 30–42–4 that appellees have not engaged in a pattern of rack-

eteering activity. Further, appellees' conduct as alleged in the complaint does not fall within the scope of proscribed activity set forth in Section 30–42–3(A), which defines racketeering activity as:

[A]ny act which is chargeable or indictable under the laws of New Mexico and punishable by imprisonment for more than one year, involving any of the following cited offenses:

(1) murder, as provided in Section 30–2–1 NMSA 1978;

(2) robbery, as provided in Section 30–16–2 NMSA 1978;

(3) kidnapping, as provided in Section 30–4–1 NMSA 1978;

(4) forgery, as provided in Section 30–16–10 NMSA 1978;

(5) larceny, as provided in Section 30–16–1 NMSA 1978;

(6) fraud, as provided in Section 30–16–6 NMSA 1978;

(7) embezzlement, as provided in Section 30–16–8 NMSA 1978;

(8) receiving stolen property, as provided in Section 30–16–11 NMSA 1978;

(9) bribery, as provided in Sections 30–24–1 through 30–24–3 NMSA 1978;

(10) gambling, as provided in Sections 30–19–3, 30–19–13 and 30–19–15 NMSA 1978;

(11) illegal kickbacks, as provided in Sections 30–41–1 and 30–41–2 NMSA 1978;

(12) extortion, as provided in Section 30–16–9 NMSA 1978;

(13) trafficking in controlled substances, as provided in Section 30–31–20 NMSA 1978;

(14) arson and aggravated arson, as provided in Subsection A of Section 30–17–5 and Section 30–17–6 NMSA 1978;

(15) promoting prostitution, as provided in Section 30–9–4 NMSA 1978;

(16) criminal solicitation, as provided in Section 30–28–3 NMSA 1978;

(17) fraudulent securities practices, as provided in Sections 58–13–39 and 58–13–40 NMSA 1978 [repealed]; and

(18) loan sharking, as provided in Sections 30–43–1 through 30–43–5 NMSA 1978;

NMSA 1978, § 30–42–3(A).

Appellants, however, concede that appellees have not committed fraud, and do not state what two activities, as required by Subsection (D) of Section 30–42–3, underlie their claim of racketeering. Accordingly, their claim of racketeering fails, and the trial court was correct in dismissing the complaint. *See State v. Johnson*, 105 N.M. 63, 728 P.2d 473 (Ct.App.), *cert. denied*, 104 N.M. 702, 726 P.2d 856 (1986), *cert. denied*, 481 U.S. 1051, 107 S.Ct. 2185, 95 L.Ed.2d 841 (1987); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed. 2d 346 (1985); *Pitts v. Turner and Boisseau Chartered*, 850 F.2d 650 (10th Cir. 1988); *Condict v. Condict*, 815 F.2d 579, *opinion superseded*, 826 F.2d 923 (10th Cir.1987); *Torwest DBC, Inc. v. Dick*, 810 F.2d 925 (10th Cir.1987).

For the foregoing reasons, the trial court is affirmed.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., concur.