489 P.2d 408

STATE of New Mexico, Plaintiff-Appellee,

v.

Barry Lee FOSTER, Defendant-Appellant.

No. 680.

Court of Appeals of New Mexico.

Sept. 17, 1971.

Ray Tabet, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Foster appeals from a conviction of robbery while armed with a deadly weapon contrary to § 40A–16–2, N.M.S.A. 1953 (Repl.Vol. 6).

We affirm.

Foster relies on two points for reversal: (1) Foster was prejudiced by opening remarks of the trial court concerning other charges against him; (2) Foster was denied a fair trial and due process of law because he was brought into the courtroom attired in jail garment and handcuffed.

1. *Was Foster Prejudiced by Opening Remarks by the Trial Court?*

At the opening of court before the jury, the judge identified Foster as the defendant, and stated Foster was charged with the crime of robbery and aggravated battery in Cause No. 20385. The assistant district attorney called attention to the fact this was not the case. The judge left the bench, went back to his desk, to get file No. 20286, returned to the courtroom and admonished the jury to ignore his remarks about the first case. He proceeded to explain the charge in 20286, robbery while armed with a deadly weapon.

Was Foster prejudiced? We believe not. The inadvertent conduct of the trial court "was of such minor significance that we are unable to ascribe to it any improper suggestion by the court or improper effect upon the jury." State v. Favela, 79 N.M. 490, 444 P.2d 1001 (Ct.App.1968). If there was error in the remarks of the trial court, it was cured by the admonition. State v. Curry, 27 N.M. 205, 199 P. 367 (1921). See State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969). The judge's inadvertent actions do not approach the situation in State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966), and State v. Jones, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969).

2. *Was his Appearance a Denial of Fair Trial?*

At the close of the state's case on rebuttal, the following proceedings occurred:

MR. SINGER: Your Honor, I would like the record to show that the Defendant was brought into the courtroom in handcuffs and this is a practice that has been condemned by this Court and by the Supreme Court. The jury saw this, and I think it is extremely distasteful and I wish the Court would admonish that this not happen again.

THE COURT: Well, I am not sure what the policy is. It has never come up in my court before. After they once get

inside the courtroom it is not a good policy, but I am not going to reprimand the Sheriff. I am sure it is an innocent mistake.

MR. TABET: We would like to add that as an additional ground to the motion.

THE COURT: Well, denied. * * *

■ First, there is no comment or evidence Foster was attired in prison clothing. This does not constitute error. State v. Sluder, 82 N.M. 755, 487 P.2d 183 (Ct.App. 1971).

■ Second, other than counsel's statement, there is no showing that any juror saw Foster handcuffed. This does not constitute error. State v. Sluder, supra. Furthermore, counsel's remarks were not evidence. Bollinger v. Rheem Mfg. Co., 381 F.2d 182 (10th Cir. 1967). He had a duty to prove the jury saw Foster in the courtroom with handcuffs on. Wallace v. Wanek, 81 N.M. 478, 468 P.2d 879 (Ct. App.1970). Foster was not prejudiced, or denied a fair trial, or denied due process. See State v. Gomez, 82 N.M. 333, 481 P.2d 412 (Ct.App.1971).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.