655 P.2d 1021

**STATE of New Mexico, Petitioner,**

v.

**Robert DeMARY, Jr., Respondent.**

**No. 14410.**

Supreme Court of New Mexico.

Nov. 29, 1982.

Michael Dickman, Appellate Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

RIORDAN, Justice.

On August 26, 1981, Robert J. DeMary (Defendant) was indicted on two counts of aggravated battery in violation of Section 30–3–5(C), N.M.S.A.1978. Count I charged Defendant with aggravated battery on his wife, Mrs. Carolyn DeMary (Mrs. DeMary), and Count II charged him with aggravated battery on his child. At trial, Defendant was convicted of aggravated assault on Mrs. DeMary, and of battery on his child. On appeal, the Court of Appeals affirmed Defendant's battery conviction on his child, but reversed his aggravated assault conviction. On certiorari, we reverse the Court of Appeals as to the aggravated assault conviction on Mrs. DeMary and affirm the trial court.

The issue on appeal is whether the crime of aggravated assault is a lesser included offense of aggravated battery.

FACTS

Count I of the indictment alleged that:

On or about the 27th day of July, 1981, in Otero County, State of New Mexico,

[Defendant did] commit the offense of Aggravated Battery, in that he did unlawfully touch or apply force to the person of another with intent to injure that person, to wit: by stabbing Carolyn DeMary with a deadly weapon, to wit: a knife, *contrary to and in violation of Section 30–3–5C, N.M.S.A.1978 Comp.* [Emphasis added.]

During the evening of July 27, 1981, Marshall Griffith (Griffith), a public safety officer for the City of Alamogordo, New Mexico, was dispatched to the DeMary residence. Griffith testified at trial that upon arrival in front of the residence, he heard a woman screaming. He then observed Mrs. DeMary running towards his patrol car with Defendant directly behind, chasing her. Mrs. DeMary continued to scream and appeared to have been "running for her life." Griffith began chasing Defendant. By the time Griffith grabbed Defendant and pulled him to the ground, Defendant had already grabbed Mrs. DeMary around the neck and was choking her. Because Defendant was holding on to Mrs. DeMary, she also fell. Defendant had his legs wrapped around her and stated, "I can kill her if I want to." After Griffith subdued Defendant and placed him in the patrol car, he spoke with Mrs. DeMary. Griffith asked her how she had received a cut on her finger. Mrs. DeMary told Griffith that Defendant had attacked her with a butcher knife. Griffith also testified that Mrs. DeMary said that the altercation had started because Defendant had grabbed their eighteen month old son and had thrown him across the room against the wall.

Patrolman Jon R. Anderson (Anderson) also testified at trial. He testified that during his investigation at the scene of the disturbance, he spoke to Mrs. DeMary who had blood on both her hands and on her blouse. Anderson stated that she told him that Defendant had stabbed her inside their house. She also told Anderson that Defendant had struck her twice that day. Inside the house, Anderson found a knife stuck into the floor. Outside the house, a second knife was found in a garden on the side of the driveway. After being properly advised of his *Miranda* rights and waiving them, Defendant told Anderson that "he had just got drunk and went crazy" and that "he could have killed [Mrs. DeMary] if he wanted to, because he was an ex-Marine."

At trial, Mrs. DeMary, who was six months pregnant and still living with her husband, testified contrary to her written statement obtained by Anderson at the time of the incident. She stated that Defendant did not keep the knife pointed at her. She also stated that her previous written statement was not true and that Defendant had only pushed the baby out of the way which caused the baby to bump into a chair. Mrs. DeMary denied that she told Anderson that she was stabbed by Defendant and claimed that she had made false statements to Anderson because she was mad. Mrs. DeMary did testify, however, that when she saw her husband with a knife that she jumped back and when he came toward her with the knife that she backed away because she was afraid.

AGGRAVATED BATTERY

Section 30–3–5, N.M.S.A.1978, provides that:

A. Aggravated battery consists of *the unlawful touching or application of force to the person of another with intent to injure that person or another.*

\* \* \* \* \* \*

C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony. [Emphasis added.]

The trial court instructed the jury on aggravated battery as well as aggravated assault, simple battery and simple assault as lesser included offenses. The aggravated battery jury instruction provided that:

For you to find the defendant guilty of aggravated battery with great bodily harm as charged in Count I, the state must prove to your satisfaction beyond a reasonable doubt each of the following elementsof [sic] the crime:

1. *The defendant, Robert DeMary, Jr., inflicted injury with a knife to Carulyn [sic] DeMary;*

2. *The defendant intended to injure Carolyn DeMary:*

3. This happened in New Mexico on or about the 27th day of July, 1981. [Emphasis added.]

This aggravated battery instruction was derived from N.M.U.J.I.Crim. 3.53, N.M.S.A. 1978 (Repl.Pamp.1982).

AGGRAVATED ASSAULT

Defendant argues that the trial court erred in instructing the jury on an offense not charged in the indictment because aggravated assault by use of a threat with a deadly weapon is not a lesser included offense of aggravated battery. We disagree.

 In order for a lesser offense to be included within a greater offense, the lesser offense must be necessarily included in the greater offense charged in the indictment. N.M.R.Crim.P. 44(d), N.M.S.A.1978 (Repl. Pamp.1980); *State v. Patterson,* 90 N.M. 735, 568 P.2d 261 (Ct.App.1977); *State v. Kraul,* 90 N.M. 314, 563 P.2d 108 (Ct.App.), *cert. denied,* 90 N.M. 637, 567 P.2d 486 (1977); *State v. Duran,* 80 N.M. 406, 456 P.2d 880 (Ct.App.1969). For the offense to be necessarily included, the greater offense cannot be committed without also committing the lesser offense. *State v. Kraul, supra.* In order to determine whether the crime of aggravated assault is necessarily included in the greater offense of aggravated battery, the specific elements of aggravated battery in Section 30–3–5, and of aggravated assault in Section 30–3–2, N.M. S.A.1978, must initially be construed in light of the evidence. The particular facts of each case must then be reviewed in light of the specific elements of each crime. When the evidence justifies the instructions, the proof of such particular circumstances will be determined by a jury. Furthermore, because Section 30–3–2 actually uses the word *assaulting* in its definition of aggravated assault, it may become necessary to construe the definition of assault pursuant to Section 30–3–1, N.M.S.A.1978.

Section 30–3–1, provides that:

Assault consists of either:

A. an attempt to commit a battery upon the person of another;

B. *any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery;* or

C. the use of insulting language toward another impugning his honor, delicacy or reputation. [Emphasis added.]

Section 30–3–2, provides that:

Aggravated assault consists of either:

A. unlawfully assaulting or *striking at another with a deadly weapon* * * * * [Emphasis added.]

The aggravated assault instruction provided:

For you to find the defendant guilty of aggravated assault by use of a deadly weapon, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. *The defendant threatened Carolyn DeMary with a knife capable of inflicting serious bodily injury or death;*

2. *This caused Carolyn DeMary to believe she was about to be seriously injured or killed.*

3. A reasonable person in the same circumstances as Carolyn DeMary would have had the same belief;

4. This happened in New Mexico on or about the 27th day of July, 1981. [Emphasis added.]

This aggravated assault instruction was derived from N.M.U.J.I.Crim. 3.04, N.M.S.A. 1978 (Repl.Pamp.1982).

In this case the trial court properly used, without prejudice to Defendant, N.M.U.J.I. Crim. 3.04 which is based upon the victim being placed in fear by a threat or menacing conduct by Defendant as an essential element of aggravated assault. Therefore, after reading Sections 30–3–5 and 30–3–2, there is no doubt that under the particular circumstances of this case, the lesser included crime of aggravated assault *is* necessarily included in the greater offense of aggra-

vated battery because the specific elements provided in Section 30–3–2, which aggravate the charge of assault, i.e., placing another in fear of receiving a battery by assaulting another with a deadly weapon, *are* necessarily included in Section 30–3–5. By finding Defendant guilty of aggravated assault, the jury necessarily determined that Defendant threatened Mrs. DeMary with a knife, capable of inflicting serious bodily injury or death, which caused her to believe that she was about to be seriously injured or killed.

The trial court did not err in instructing the jury on aggravated battery with aggravated assault as a lesser included offense in this case. Therefore, we affirm the Defendant's aggravated assault conviction.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI, J., concur.