701 P.2d 400

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bryson JACOBS, Defendant-Appellant.**

**No. 8055.**

Court of Appeals of New Mexico.

May 21, 1985.

Janet E. Clow, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals his convictions of negligent arson, aggravated burglary, dangerous use of an explosive and conspiracy. We (1) state the background; and discuss (2) the evidence as to negligent arson; (3) the claimed merger of the aggravated burglary with dangerous use of an explosive; (4) whether there should have been a directed verdict on the conspiracy charge; and (5) defendant's alleged appearance before the jury in handcuffs.

### BACKGROUND

Defendant, with others in Arkansas, discussed a plan to burn down a restaurant in New Mexico. Defendant, Rice and Draper drove to Hobbs, New Mexico, with the intention of setting fire to the K-Bob's Restaurant in Hobbs. On the night of May 23, 1983, Draper and Rice climbed onto the roof of the restaurant while defendant waited in their car. Being unsuccessful in drilling holes in the roof, the two men poured a fuel (gasoline or diesel) down a stove vent pipe. The fuel was ignited by a pilot light. There was a small explosion and a burst of flames. They returned to Arkansas where they learned that they had not "adequately" destroyed the restaurant. They agreed to return and finish the job.

Rice made a bomb with dynamite. Defendant, Rice and Draper returned to Hobbs with the bomb. On the night of June 6, 1983, by use of a rope, the bomb was lowered into the kitchen of the restaurant through a roof vent. The bomb failed to explode.

Defendant was charged, in seven counts, as follows:

Count 1—conspiracy on May 23, 1983

Count 2—aggravated burglary on May 23, 1983

Count 3—negligent arson on May 23, 1983

Count 4—conspiracy on June 6, 1983

Count 5—aggravated burglary on June 6, 1983

Count 6—possession of explosive or incendiary device on June 6, 1983

Count 7—dangerous use of explosives on June 6, 1983

Defendant was convicted of Counts 1, 3, 5 and 7. Counts 2, 4 and 6 were not submitted to the jury but were dismissed by the trial court. Count 2 was dismissed on the basis that pouring fluid down a vent pipe was an insufficient entry for burglary. *See State v. Tixier,* 89 N.M. 297, 551 P.2d 987 (Ct.App.1976). Count 4 was dismissed because the evidence showed only one continuous conspiracy. *See State v. Ross,* 86 N.M. 212, 521 P.2d 1161 (Ct.App.1974). Count 6 was dismissed on the basis that the prosecutor could not prove dangerous use of explosives without also proving possession. *See State v. Medina,* 87 N.M. 394, 534 P.2d 486 (Ct.App.1975). There is no issue as to the propriety of these dismissals.

## EVIDENCE AS TO NEGLIGENT ARSON

■ Defendant was charged with violating NMSA 1978, Section 30–17–5(B) (Repl. Pamp.1984), which provides: "Negligent arson consists of recklessly starting a fire or causing an explosion, whether on the person's property or another's, and thereby ... damaging or destroying a building ... of another." NMSA 1978, UJI Crim. 17.03 (Repl.Pamp.1982) defines "recklessly" as that a defendant "knew that his conduct created a substantial and foreseeable risk, that he disregarded that risk and that he was wholly indifferent to the consequences of his conduct and to the welfare and safety of others." Reckless conduct is included within the term "criminal negligence." *State v. Grubbs*, 85 N.M. 365, 512 P.2d 693 (Ct.App.1973).

■ The evidence is that defendant's conduct on May 23, 1983, was intentional arson in that defendant started a fire and caused an explosion "with the purpose of destroying or damaging ... property of another ...." Section 30–17–5(A); *see* NMSA 1978, UJI Crim. 17.00 (Repl.Pamp. 1982). The conviction of negligent arson cannot stand because the evidence shows he did not commit that offense. *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976).

■ The state seeks to avoid this result. It points out that defendant did not object to the instruction on negligent arson. The state claims this failure to object waived any error in instructing on negligent arson. We are not concerned with the instruction but with the evidence. Defendant moved for a directed verdict as to the negligent arson charge. That motion preserved the issue of the sufficiency of the evidence. *State v. Davis*, 97 N.M. 745, 643 P.2d 614 (Ct.App.1982). However, the issue of sufficient evidence is properly before us even in the absence of the motion. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

The state asserts there is sufficient evidence to sustain the conviction of negligent arson. The state contends the evidence shows that the May 23, 1983, incident at K-Bob's recklessly endangered two adjoining businesses and nearby homes. There are two answers to this claim. First, the state fails to identify any evidence of damage to the adjoining businesses or nearby homes. See the requirements for negligent arson stated in Section 30–17–5(B). Second, defendant was not charged with negligent arson as to the adjoining businesses or nearby homes. Defendant cannot be convicted of an offense that was not charged. *State v. Villa*, 85 N.M. 537, 514 P.2d 56 (Ct.App.1973).

■ Both parties seek an advisory opinion as to whether the state may now prosecute defendant under Section 30–17–5(A). Defendant has not been charged with a violation of Section 30–17–5(A). We do not give advisory opinions. *Bell Telephone Laboratories, Inc. v. Bureau of Revenue*, 78 N.M. 78, 428 P.2d 617 (1966). On the merits see *State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (1983); *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975); *Owens v. Abram*, 58 N.M. 682, 274 P.2d 630 (1954); *State v. Barela*, 95 N.M. 349, 622 P.2d 254 (Ct.App.1980); *State v. Mabrey*, 88 N.M. 227, 539 P.2d 617 (Ct.App.1975).

## CLAIMED MERGER OF AGGRAVATED BURGLARY AND DANGEROUS USE OF EXPLOSIVES

The aggravated burglary charged was an unauthorized entry with intent to commit a felony while armed with a deadly weapon. NMSA 1978, § 30–16–4(A) (Repl.Pamp. 1984). The dangerous use of explosives charged was "placing any explosive with the intent ... to damage another's property." NMSA 1978, § 30–7–5.

■ The merger of offenses aspect of double jeopardy requires that one offense necessarily involves the other offense. "In determining whether one offense 'necessarily involves' another offense so that merger applies, the decisions have looked to the definitions of the crimes to see whether the elements are the same." *State v. Sandoval*, 90 N.M. 260, 263, 561 P.2d 1353 (Ct. App.1977). An obvious distinction in the elements of the two crimes is that aggravated burglary requires an unauthorized en-

try and dangerous use of explosives does not. Defendant does not claim that the elements were the same. His claim is that the "necessarily included" rule applies. This rule is an aspect of merger; it involves double jeopardy concepts. *State v. Brecheisen*, 101 N.M. 38, 677 P.2d 1074 (Ct.App.1984); *State v. Sandoval.*

Defendant's argument is that dangerous use of explosives is an offense necessarily included within the aggravated burglary offense. Defendant recognizes that for the explosives offense to be necessarily included, the burglary offense cannot be committed without also committing the explosives offense. *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977), looked to the offenses charged to determine whether an offense is necessarily included. Inasmuch as the offense of aggravated burglary can be committed without also committing the offense of dangerous use of explosives, the explosives offense was not a necessarily included offense under *Kraul*. *See also State v. Smith*, 102 N.M. 512, 697 P.2d 512 (Ct.App.1985), which did not discuss *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982). Defendant does not contend otherwise.

Defendant relies on *State v. DeMary* which states: "[T]he specific elements ... must initially be construed in light of the evidence. The particular facts of each case must then be reviewed in light of the specific elements of each crime." 99 N.M. at 179, 655 P.2d 1021. Defendant seems to contend that after *DeMary* the elements test no longer applies. This is incorrect. "[W]e no longer consider the statutory offenses in a vacuum but instead regard the offenses in light of the facts before us." *Brecheisen*, 677 P.2d at 1077; *cf. State v. Padilla*, 101 N.M. 78, 678 P.2d 706 (Ct.App. 1983). We still look to the elements of the offenses, but do so in light of the facts of the case.

We recognize that the *DeMary* approach has some similarity to the same transaction test repudiated in *State v. Tanton.* The same transaction test "is concerned with whether the offenses were committed at the same time, were part of a continuous criminal act and inspired by the same criminal intent." *Tanton*, 88 N.M. at 335, 540 P.2d 813. Under the included offense concept, the greater offense cannot be committed without also committing the lesser offense. *DeMary.* This is an aspect of the same transaction test by definition. This definition of the included offense concept also goes beyond the same evidence test stated in *State v. Martinez*, 95 N.M. 421, 622 P.2d 1041 (1981) and *Owens v. Abram.* The change in the law effected by *DeMary* was that the facts are determinative of whether an offense is an included offense.

■ A more detailed statement of the "necessarily included" rule is that an included offense is one which has some, but not all, of the elements of the greater offense. The included offense does not have any element not included in the greater offense so that it is impossible to commit the greater offense without necessarily committing the included offense. *State v. Garcia*, 100 N.M. 120, 666 P.2d 1267 (Ct. App.1983). We apply this statement to the facts of this case. *DeMary.*

■ The facts of both offenses are almost identical. The unauthorized entry for burglary was the placing of the explosive in the restaurant, an element of the explosives charge. The intent for the burglary charge was the intent to commit the crime of dangerous use of explosives. This covered the intent to damage the property of another, an element of the explosives charge. Under the facts of this case, the aggravated burglary offense could not be committed without also committing the crime of dangerous use of explosives; the explosives offense does not have an element not included in the burglary offense. The explosives offense was an offense included within the aggravated burglary offense.

■ What follows from this holding? Defendant asserts that the sentence for the greater offense of aggravated burglary must be vacated. We disagree. The conviction for dangerous use of explosives was

included within the aggravated burglary charge. The sentence to be vacated is the sentence imposed for the included offense because it was the included offense which merged with the greater offense of aggravated burglary. *State v. Quintana,* 69 N.M. 51, 364 P.2d 120 (1961); *see State v. Gallegos,* 92 N.M. 370, 588 P.2d 1045 (Ct. App.1978).

## WHETHER THERE SHOULD HAVE BEEN A DIRECTED VERDICT ON THE CONSPIRACY CHARGE

The two conspiracy charges were Counts 1 and 4. Count 4 was dismissed because the evidence showed one continuing conspiracy. Defendant contends the trial court erred in denying his motion for a directed verdict as to the continuing conspiracy. His claim is based on the instruction to the jury.

The instruction informed the jury that the conspiracy was to commit aggravated burglary and arson on or about May 23, 1983. Because the underlying felonies were listed in the conjunctive, defendant asserts the state was required to prove a conspiracy as to each of the underlying felonies. He asserts "the intended acts were in fact committed but that these acts constituted only an arson and not an aggravated burglary." He claims that the state failed to make a prima facie case for submission of the conspiracy charge to the jury.

The argument proceeds on the assumption that the aggravated burglary in the conspiracy instruction was limited to the one attempted on May 23 and did not include the one completed on June 6. The May 23 aggravated burglary charge was dismissed on the basis that there had been no entry. The argument also proceeds on the assumption that the instruction required proof of conspiracy in connection with both, rather than either, underlying felonies. *See* Use Note to NMSA 1978, UJI Crim. 28.20 (Repl.Pamp.1982). We need not sort all of this out.

A conspiracy under NMSA 1978, Section 30-28-2 (Repl.Pamp.1984) is complete when the prohibited agreement is reached. No overt act is required. *State v. Davis,* 92 N.M. 341, 587 P.2d 1352 (Ct. App.1978). It makes no difference to the conspiracy charge whether an aggravated burglary was proved or whether that charge was dismissed. The proof required was of an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means. *State v. Chavez,* 99 N.M. 609, 661 P.2d 887 (1983). This requirement was met.

## ALLEGED APPEARANCE BEFORE THE JURY IN HANDCUFFS

Defendant moved for a mistrial on the basis that he was brought into the courtroom in front of the jury panel while wearing handcuffs. The motion was denied.

Defendant states: "The court acknowledged that the defendant had been observed by the jury in apparent custody but held that there was no showing that the defendant had, in fact, been prejudiced ...." We agree that the trial court ruled there was no prejudice. We do not agree that the trial court acknowledged that defendant had been observed by the jury while wearing handcuffs. As to the facts of the incident, there is nothing. All we have is counsel's claim, which is not evidence. *State v. Foster,* 83 N.M. 128, 489 P.2d 408 (Ct.App.1971); *see State v. Mills,* 94 N.M. 17, 606 P.2d 1111 (Ct.App. 1980).

The conviction and sentence for negligent arson are reversed. The sentence for dangerous use of explosives is reversed. The convictions and sentences for aggravated burglary and conspiracy are affirmed. The cause is remanded for an amended sentence in conformity with this opinion.

IT IS SO ORDERED.

NEAL and ALARID, JJ., concur.