767 P.2d 373

STATE of New Mexico, Plaintiff–Appellee,

v.

Jacquelyn WYNNE, Defendant–Appellant.

No. 10353.

Court of Appeals of New Mexico.

Dec. 6, 1988.

Certiorari Denied Jan. 10, 1989.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals from convictions for conspiracy to traffic by manufacture of a controlled substance and conspiracy to commit racketeering. We discuss defendant's claims of error as to: (1) denial of change of venue; (2) sufficiency of the evidence to support the convictions; (3) merger of the offenses of conspiracy to traffic and conspiracy to racketeer; (4) denial of a requested instruction; and (5) admission of documentary evidence. We affirm in part and reverse in part.

Defendant and three other individuals were arrested on charges involving the manufacture of methamphetamine or phenyl–2–propanone (a precursor of methamphetamine). Defendant was charged with and subsequently convicted for conspiracy to traffic a Schedule II controlled substance and conspiracy to commit racketeering. Defendant received consecutive sentences for these convictions and appeals each of her convictions and the sentences imposed thereon.

## I. REQUEST FOR CHANGE OF VENUE

Defendant contends the trial court erred in denying her motion for change of venue. Defense counsel, after orally requesting a change of venue because of extensive media coverage, agreed to wait until the voir dire of prospective jurors in order to determine if an impartial jury could be selected. During jury selection, the trial court inquired of the prospective jury panel whether anyone had heard about the case or the incident giving rise to the charges against defendant. Ten members of the prospective jury panel indicated that

they had some knowledge of the case, and each was questioned separately in chambers in the presence of the judge, defendant, and counsel. Following the questioning of the prospective jurors, the trial court found no basis to excuse these jurors for cause or to grant the motion to change venue.

In examining this issue, the pertinent inquiry is whether defendant properly presented and preserved it for appellate review. The record does not reflect that defendant filed a written motion for change of venue supported by an affidavit, as required by NMSA 1978, Section 38–3–3 (Repl.Pamp.1987), nor has defendant presented evidence indicating that she was deprived of a fair and impartial jury. The burden of proof to establish a basis for change of venue is on the movant. *See State v. Montoya*, 80 N.M. 64, 451 P.2d 557 (Ct.App.1968). Mere arguments of counsel, unsupported by evidence, do not constitute evidence in support of a motion, *see State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985); *State v. Foster*, 83 N.M. 128, 489 P.2d 408 (Ct.App.1971), nor did defendant make a written request for findings of fact and conclusions of law or tender specific findings and conclusions pursuant to SCRA 1986, 1–052(B)(1)(f). *See State v. Fernandez*, 56 N.M. 689, 248 P.2d 679 (1952) (denial of motion for change of venue which was rendered without submission of findings of fact is not open to appellate review); *see also State v. Mosier*, 83 N.M. 213, 490 P.2d 471 (Ct.App. 1971). Based on the record before us, there is no indication that the trial court abused its discretion in denying the oral request for change of venue. *See Deats v. State*, 80 N.M. 77, 451 P.2d 981 (1969) (fact of extensive media coverage does not necessarily establish grounds for a change of venue); *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968).

## II. SUFFICIENCY OF EVIDENCE

■ Defendant challenges the sufficiency of the evidence underlying each of her convictions. Defendant also argues that her conviction for conspiracy to commit racketeering was not grounded on proper proof of an "enterprise" as required by this state's Racketeering Act, NMSA 1978, Sections 30–42–1 through –6 (Repl.Pamp.1987). Section 30–42–4(C) provides that "[i]t is unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs by engaging in a pattern of racketeering activity." This alleged absence of the "enterprise" element is also a basis for defendant's claim that a directed verdict should have been entered on this charge.

In pertinent part, the definition of "enterprise" contained in Section 30–42–3(C) of the Racketeering Act, includes "any group of individuals associated in fact although not a legal entity, and includes illicit as well as licit entities[.]" Defendant does not deny the fact of her association with others who manufactured methamphetamine, nor on appeal has she sought to refute or discredit the testimony of Israel de la Rosa. Israel de la Rosa was an admitted participant in the manufacturing operation and a friend of defendant. He testified that defendant was the manager of the manufacturing business (although defendant's boyfriend was the actual "cook" and was "running the show") and that defendant purchased plane tickets, traveled to other localities in order to obtain materials used in the manufacturing process, and was present when the methamphetamine was made. Also, Laura de la Rosa testified that defendant was present during drug manufacturing operations and assisted in the process. The testimony of these witnesses provides substantial evidence to support the finding that defendant did associate in an "enterprise" as defined in the Racketeering Act.

Defendant, relying in part upon *United States v. Anderson*, 626 F.2d 1358 (8th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981), argues that an "enterprise" as used in the racketeering statute exists only when there is an association above and beyond the acts which form the pattern of racketeering activity. Defendant also asserts there was no evidence of her association in this case

other than that involved in the manufacture of methamphetamine and thus no evidence of an "enterprise." Defendant pursues this position, despite conceding that Section 30-42-3(C) expressly provides that the term "enterprise" encompasses illicit entities, including any group of individuals associated in fact, as well as licit entities. The interpretation which defendant urges us to adopt in defining "enterprise" appears contrary to the clear import of the Racketeering Act. *See* §§ 30-42-1 to -6.

The interpretation of the term "enterprise" urged by defendant, although recognized in some jurisdictions, is the minority view. A number of other circuits have reached a contrary result. *United States v. Mazzei*, 700 F.2d 85 (2d Cir.), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed. 2d 1304 (1983); *United States v. Cagnina*, 697 F.2d 915 (11th Cir.), *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983) (*citing United States v. Griffin*, 660 F.2d 996 (4th Cir.1981), *cert. denied sub nom., Garonzik v. United States*, 454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 313 (1982)); *United States v. Qaoud*, 777 F.2d 1105 (6th Cir.), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1499, 89 L.Ed.2d 899 (1985); *United States v. Diecidue*, 603 F.2d 535 (5th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). We align ourselves with these authorities as to this issue.

*Anderson*, relied on by defendant, noted that its opinion placed it in "direct opposition to the views of the Second, Fifth, Seventh, and Ninth Circuits" in construing the meaning of the term "enterprise." *United States v. Anderson*, 626 F.2d at 1372. New Mexico's Racketeering Act has been held constitutional, *see State v. Johnson*, 105 N.M. 63, 728 P.2d 473 (Ct.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 2185, 95 L.Ed.2d 841 (1987), and the Act expressly includes any group of individuals associated in fact, as well as illicit entities in its definition of "enterprise." The court in *Johnson* found that New Mexico's Racketeering Act was patterned after the federal statute, 18 U.S.C., Sections 1960 to 1968, (1983) (RICO) and because of the similarity of the two enactments, federal decisions interpreting the federal RICO Act are instructive. We find no contravention of constitutional double jeopardy protections in applying the majority rule.

Citing *Mazzei*, the state contends that defendant's view of what constitutes an "enterprise" for purposes of the racketeering statute would insulate from racketeering prosecution those enterprises which exist solely for the purpose of engaging in the two or more crimes constituting the pattern of racketeering. The state argues that the scope of the New Mexico statute is sufficient to encompass defendant's activities. We agree.

The record indicates substantial evidence to support the jury's determination that defendant agreed to participate with others in an enterprise to traffic by manufacture of a controlled substance and also that there was substantial evidence indicating the existence of an "enterprise" as required under the Racketeering Act. *See generally State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978) (in reviewing a judgment of conviction, the appellate court views the evidence in a light most favorable to the verdict, resolving all conflicts therein, and viewing all reasonable inferences flowing therefrom in the light most favorable to the judgment); *see also Samora v. Bradford*, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970) (substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion). Thus, we find no merit to defendant's claim that she was deprived of due process by the trial court's failure to direct a verdict on the conspiracy to commit racketeering charge.

■ Defendant also challenges the sufficiency of the evidence underlying her conviction for conspiracy to traffic by manufacture of a controlled substance. Defendant contends that her conviction on this charge was error because there was testimony from Laura de la Rosa that defendant did not actually engage in the making of methamphetamine. Defendant cites only a portion of the evidence. Other evidence supported the verdict of the jury. Moreover, in reviewing the sufficiency of

the evidence, the evidence must be viewed in the light most favorable to the jury's verdict, including reasonable inferences resulting therefrom. *State v. Lankford; State v. Brown*, 100 N.M. 726, 676 P.2d 253 (1984). The reviewing court will disregard all inferences or evidence contrary to the verdict. *Mascarenas v. Gonzales*, 83 N.M. 749, 497 P.2d 751 (Ct.App.1972).

In addition to the testimony of Israel and Laura de la Rosa set out above, Laura also testified that she and defendant had gone to Albuquerque to purchase glassware and chemicals for use in the manufacturing process. Although there was additional evidence from other witnesses to support the jury's verdict on this charge, the testimony of Israel and Laura de la Rosa alone constituted substantial evidence to support the jury's verdict. *See Samora v. Bradford.*

Section 30–42–2 states, in pertinent part, that "[t]he purpose of the Racketeering Act * * * is to eliminate * * * the use of legal and illegal enterprises to further criminal activities." (Citations omitted.) Thus, a primary aim of the Racketeering Act is the elimination of the "enterprise" that is furthering criminal activity. *See State v. Johnson.* In contrast, the primary aim of the offense of conspiracy to traffic methamphetamine by manufacture is to punish those who agree and intend to violate state law proscriptions against the illicit manufacture and distribution of that drug, even on a one-time basis.

### III. CLAIM OF MERGER

Defendant contends that under the facts of this case, the crimes for which she was convicted have merged, and therefore she cannot be sentenced for both offenses. Defendant argues that the offense of conspiracy to racketeer could not have been committed without also committing conspiracy to traffic by manufacture. Based on this claim of merger, defendant also asserts that the trial court erred in failing to enter a directed verdict on one of the conspiracy counts, insofar as there was only one objective to be achieved, and thus only one conspiracy. Defendant contends that it is the objective of the agreement, and not the number of statutes violated, which determines whether one or more conspiracies occurred. Defendant submits that in this case there was only one objective to be accomplished—to manufacture methamphetamine—and thus only one conspiracy, notwithstanding that the objective of the agreement may have also violated this state's Racketeering Act.

Merger and double jeopardy concepts are involved where one offense is necessarily included in the other. *State v. Jacobs.* An offense is necessarily included where "[t]he included offense does not have any element not included in the greater offense so that it is impossible to commit the greater offense without necessarily committing the included offense." *Id.* 102 N.M. at 804, 701 P.2d at 403. After *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982), the rule in this state is that the facts of each case must also be examined in determining whether an offense is an included offense. *See State v. Jacobs.*

The jury in this case was instructed that to find defendant guilty of conspiracy to commit racketeering, they must find beyond a reasonable doubt that defendant and another person agreed by words or acts to engage in an enterprise for the trafficking by manufacture of methamphetamine and/or phenyl-2–propanone as a pattern of racketeering activity. Nothing in the record indicates that this instruction was objected to by either party, and therefore it is the law of the case. *See State v. Martin*, 90 N.M. 524, 527, 565 P.2d 1041, 1044 (Ct.App.1977).

In light of this instruction, we agree with defendant's contention that in order for the jury to have convicted her of conspiracy to racketeer, it was also necessary for the state to prove, and the jury to find, that she and another conspired to traffic by manufacture. Thus, the offenses for which defendant was convicted merged under the facts and circumstances of this case. *See State v. DeMary.* However, even where offenses merge, a defendant can be convicted for each of the offenses, but double jeopardy precludes punishing defendant for more than one. *State v. Quintana*, 69 N.M. 51, 364 P.2d 120 (1961). Both convictions may stand if sup-

ported by substantial evidence, but one of the sentences must be vacated. *Id.*

■ Because we have held that each of the conspiracy convictions is supported by substantial evidence, defendant was properly convicted of both, but the imposition of consecutive sentences was error. *See id.* In light of this, we find no merit to defendant's claim of error in the trial court's refusal to direct a verdict in her favor on either of the conspiracy charges insofar as it was sought based on the merger theory.

This court in *Johnson* held that cumulative sentences may be imposed for both racketeering and the commission of underlying predicate offenses. However, the present case is distinguishable in that it involved conspiracy convictions rather than the commission of substantive predicate offenses. In *Johnson*, the punishments were for the actual commission of substantive predicate offenses listed in the Racketeering Act and for committing those criminal acts through an "enterprise" engaged in a pattern of activity. In the case of the conspiracies of which defendant was convicted, we are not persuaded that the legislature intended to punish more than one; defendant entered only one agreement. We have examined the authority on which the state relies and do not find it persuasive. *See e.g., United States v. Thomas,* 757 F.2d 1359 (2d Cir.), *cert. denied sub nom.,* 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed. 2d 54 (1985). In the present case, it is the defendant's agreement with others to manufacture methamphetamine which is the evil to be punished; therefore, *Johnson* is distinguishable.

### IV. DENIAL OF REQUESTED INSTRUCTION

Defendant tendered a requested instruction advising the jury that it could find defendant guilty on either conspiracy charge but that a conviction on both offenses was not permissible. In view of our discussion under Point III above, it is clear that in New Mexico a defendant can be tried and convicted on two charges, even where one is a lesser included offense, provided that each conviction is supported by substantial evidence. *See State v. Quintana.* However, because we have held that

there is substantial evidence for each of the convictions even though the offenses have merged, defendant's tendered instruction, which is the basis for this claim, does not correctly state the applicable law, and thus there was no error in the trial court's denial of the tendered instruction. *See La-Barge v. Stewart,* 84 N.M. 222, 501 P.2d 666 (Ct.App.1972).

### V. ADMISSIBILITY OF EVIDENCE

■ During trial the court, over defendant's objection, admitted into evidence receipts of purchases of chemicals and equipment sold to defendant by Albuchemist, a chemical supply store in Albuquerque. Defendant argues that the admission of the receipts was erroneous because the exhibits were not properly authenticated since the witness called to identify the records had no personal knowledge of the individual transactions underlying each exhibit. The state points, out, however, that the witness called to identify the receipts was an employee of Albuchemist during the period of each sale who testified that he recognized defendant as a customer who had made a purchase in the store. The witness had prepared at least one of the receipts admitted into evidence and further testified that if he were shown any of the receipts by an individual seeking to return an item, he would accept the return of the item. The state argues that this witness was qualified to authenticate the receipts as records kept in the regular course of business, pointing out that the witness testified that it was the practice of Albuchemist to make receipts for every sale. Under these facts, we find no error in the admission of the receipts under SCRA 1986, 11-803(F).

The admissibility of evidence is discretionary with the trial court, and its ruling will only be reversed upon a showing of abuse of that discretion. *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977). Determination of trustworthiness of documents offered into evidence is also left to the discretion of the trial court and is reviewable on appeal for abuse of discretion. *See Kirk Co. v. Ashcraft,* 101 N.M. 462, 684 P.2d 1127 (1984). There is no violation of the confrontation clause by the admission of

business records where a qualified witness other than the maker is present at trial and where the record contains other indicia of reliability of the records. *But cf. State v. Austin,* 104 N.M. 573, 725 P.2d 252 (Ct. App.1985) (admission of monthly computer printouts violated defendant's right of confrontation, where there was no evidence that witness understood how printouts were prepared and where printouts provided critical proof of crime).

The trial court found that the witness authenticating the receipts was qualified to do so and there were sufficient other indicia of reliability to admit the receipts. Other witnesses testified that defendant and her associates purchased chemicals and laboratory materials from Albuchemist. Laura and Israel de la Rosa testified that defendant purchased materials from the store. Lisa Garcia testified similarly. The Albuchemist receipts were for purchases of chemicals and glassware. Thus, there was other sufficient testimony, not objected to, corroborating the information evinced by the receipts so that the admission of the receipts into evidence was not an abuse of discretion. *See id.* The testimony of other witnesses which was admitted without objection included essentially the same information as that contained in the receipts. We find no error in the admission of the receipts.

We affirm each of defendant's convictions. However, because we have determined that the conspiracy to traffic by manufacture was a necessarily included offense of conspiracy to racketeer and that, under the facts and circumstances of this case, the two offenses have merged, the case is remanded to the trial court with instructions to vacate the sentence imposed for the offense and to enter an amended judgment and sentence. *See State v. Jacobs.*

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.