This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**vs.**                                                                 **No. 31,828**

**ANTONIO ORTIZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals from the district court's order of dismissal in the district court and remand to the magistrate court for execution of the previously imposed judgment and sentence. In this license revocation case, Defendant contends that a copy of his driving record is testimonial, and that the metropolitan court judge erred in accepting it into evidence without any attempt to determine if the information contained in the document was accurate. [DS 2] Defendant argues that submission of the driving record without the testimony of the person who prepared it is a violation of his confrontation rights. [Id.] [CN 2]

The calendar notice pointed out that recent United States Supreme Court case law does not support Defendant's contentions that Defendant's driving record is testimonial or that the district court erred in admitting it. [Ct. App. File, CN 2] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] Upon due consideration, we affirm Defendant's convictions.

**DISCUSSION**

"In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009), the United States Supreme Court held that a forensic laboratory report stating that a suspect substance was cocaine ranked as testimonial for purpose of the Sixth Amendment's Confrontation Clause." *Bullcoming*, 564 U.S. __, 131 S.Ct. 2705, 2709 (2011). "The report had been created specifically to serve as evidence in a

criminal proceeding." *Id.* "Absent stipulation, . . . the prosecution may not introduce such a report without offering a live witness competent to testify to the truth of the statements made in the report." *Id.* In *Bullcoming*, the United States Supreme Court held that the defendant's confrontation rights were violated when the forensic laboratory analyst, who had prepared the report certifying that the defendant's blood-alcohol concentration was above the threshold for aggravated DWI, did not appear in court to be cross-examined by the defendant.

In this case, Defendant was charged with driving on a suspended/revoked license. [RP 36, 37] After his conviction in magistrate court at a bench trial, Defendant appealed to the district court for a trial de novo. [DS 1-2] The State presented Defendant's driving record as evidence that Defendant's license had been revoked at the time he was pulled over for speeding. [DS 2] Defendant objected to the admission of his driving record as testimonial evidence for which a live witness would be required to testify as to the record's accuracy or its truth in order to protect his confrontation rights. [Id.] The district court denied Defendant's objection, and admitted Defendant's driving record under the business records exception to the hearsay rule. *See* Rule 11-803(F) NMRA. We agree.

Defendant's driving record itself was not created specifically for the present criminal proceeding. It is a record kept in the course of the regularly conducted

business activities of the Motor Vehicle Department; it is the regular practice of the Motor Vehicle Department to make such reports; and it was properly certified as "a true and accurate copy" of Defendant's report. [MIO 4] We hold, therefore, that Defendant's driving record is not testimonial, and its admission without the testimony of a witness to testify as to the accuracy of the report, when it was certified to be "a true and accurate copy" of Defendant's driving record [MIO 4], did not violate Defendant's confrontation rights. *See State v. Wynne*, 108 N.M. 134, 139-40, 767 P.2d 373, 378-79 (Ct. App. 1988) ("There is no violation of the confrontation clause by the admission of business records where a qualified witness other than the maker is present at trial and where the record contains other indicia of reliability of the records.").

**CONCLUSION**

We affirm the district court's order dismissing the case and remanding to the magistrate court to enforce the previously entered judgment and sentence.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

4

**JAMES J. WECHSLER, Judge**

---

**J. MILES HANISEE, Judge**