This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NO. A-1-CA-37764**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HARRISON HARVEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Victor E. Sanchez, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** The memorandum opinion filed in this case on July 29, 2019, is hereby withdrawn, and this opinion is substituted in its place.

**{2}** Defendant appeals the sufficiency of the evidence to support his jury conviction for driving while under the influence of intoxicating liquor (DWI). *See* NMSA 1978, § 66-8-102(C)(1) (2016) ("It is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath . . . and the alcohol concentration results from alcohol consumed before

or while driving the vehicle[.]"). Our calendar notice proposed to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement. Not persuaded by Defendant's arguments, we deny the motion to amend as nonviable, and affirm Defendant's conviction.

**{3}** Initially, we address Defendant's motion to amend the docketing statement to add the issue that the admission of the breath alcohol test (BAT) results was fundamental error. [MIO 10] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 44, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized by State v. Salgado*, 1991-NMCA-044, ¶ 12, 112 N.M. 537, 817 P.2d 730.

**{4}** Defendant's argument does not persuade us that this issue is viable. *See Rael*, 1983-NMCA-081, ¶ 15; *see also Moore*, 1989-NMCA-073, ¶ 44. Defendant argues that admission of the BAT results renders his conviction fundamentally unfair because the officer did not know how the intoxilyzer worked internally, and as such, could not know if it was working properly, thereby discrediting his testimony that it was working as it should. [MIO 12] However, the officer testified that the intoxilyzer was certified, he was certified to operate it, the intoxilyzer ran the calibration check, and it operated as it should. [MIO PDF 8] Therefore, the BAT test result was validated. *See State v. Ruiz*, 1995-NMCA-098, ¶ 25, 120 N.M. 534, 903 P.2d 845 (concluding that once the officer "testified that he was very familiar with the [intoxilyzer] and that it appeared to be working properly on the evening in question, the test results were validated"), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, ¶ 17, 141 N.M. 713, 160 P.3d 894. Not having introduced any evidence to contradict the inference of reliability, Defendant's argument fails. *See State v. Jacobs*, 1985-NMCA-054, ¶ 24, 102 N.M. 801, 701 P.2d 400 (stating that argument of counsel is not evidence). Consequently, Defendant's motion to amend the docketing statement is denied.

**{5}** As to the merits of the issue raised in the docketing statement, based on the evidence presented therein, we proposed to conclude that there was sufficient evidence to support Defendant's conviction for DWI. In response, Defendant recites the instructions given to the jury for DWI, including an instruction for general criminal intent. [MIO 9-10; RP 104] *See* UJI 14-141 NMRA (defining general criminal intent). Defendant acknowledges that generally DWI is a strict liability crime, but argues that in light of the jury instructions, there was insufficient evidence to support the added element that he acted intentionally when he committed the crime. [MIO 10-11] *See State v. Harrison*, 1992-NMCA-139, ¶ 23, 115 N.M. 73, 846 P.2d 1082 (holding "that the offense of DWI is

a strict liability crime"). However, Defendant's argument is based on the mistaken premise that the added element is an essential element of DWI. *See State v. Carpenter*, 2016-NMCA-058, ¶ 16, 374 P.3d 744 (rejecting the argument that the statutory element added to the jury instruction for involuntary manslaughter was an essential element under the statute).

**{6}** Defendant does not dispute the evidence relied upon in the calendar notice for the conclusion that there was sufficient evidence for the elements of DWI. To the extent that Defendant asserts there was no direct evidence that Defendant consumed alcohol, or that the officer testified he did not know how the intoxilyzer worked internally [MIO 11], those assertions go to the weight of the evidence, and "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789; *see State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that to the extent there was evidence that could be construed as contrary, we disregard all evidence and inferences that support a different result).

**{7}** For these reasons, and those stated in the calendar notice, we affirm.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**