This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42018**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID COSGRAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**AnneMarie C. Lewis, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Defendant appeals from his judgment and sentence, after a jury found Defendant guilty of two counts of negligent arson. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, raising an issue that was not previously asserted in Defendant's docketing statement. We construe this as a motion to amend the docketing statement. Having considered Defendant's filing, we deny the motion to amend the docketing statement as nonviable, and affirm. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable).

**{2}**     Defendant maintains that there was insufficient evidence to support his convictions. [MIO 8-14] We proposed to affirm because "Victim testified that a fire caused damage to both her property and to her vehicle," "Defendant's confession established that he was involved in causing the fire," and "Defendant [did] not state for which element he asserts evidence was lacking." [CN 5]

**{3}**     Defendant now specifically challenges whether there was sufficient evidence to establish Defendant's intent. Defendant contends that the State failed to establish that Defendant committed *negligent* arson because the evidence presented established that Defendant committed *intentional* arson. [MIO 11-14] Relying on *State v. Jacobs*, 1985-NMCA-054, ¶¶ 6-9, 102 N.M. 801, 701 P.2d 400, Defendant asserts that evidence of intentional arson cannot sustain a conviction for negligent arson. [MIO 11-12] Defendant additionally now directs this Court to additional facts elicited at trial to establish that Defendant set fire to Victim's property in retaliation to Victim preventing Defendant from retrieving some of his property. [MIO 2-8] Defendant cites to his recorded statements that he set fire to Victim's property "to send [Victim] a message." [MIO 2]

**{4}**     To convict Defendant of negligent arson, the State was required to prove beyond a reasonable doubt that Defendant "recklessly started a fire on another's property." [RP 146-47] *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). The jury was additionally instructed that to find Defendant "acted recklessly in this case, you must find that he knew that his conduct created a substantial and foreseeable risk, that he disregarded that risk and that he was wholly indifferent to the consequences of his conduct and to the welfare and safety of others." [RP 147] *See also* UJI 14-704 NMRA (defining "recklessly" for the crime of negligent arson).

**{5}**     Although Defendant relies on *Jacobs* for the proposition that when evidence shows intentional conduct, a conviction for negligent conduct cannot stand, this Court has previously held this interpretation of *Jacobs* is too broad. *See State v. Stewart*, 2005-NMCA-126, ¶ 31, 138 N.M. 500, 122 P.3d 1269. In *Stewart*, this Court explained that it "held [in *Jacobs*] that there was no evidence of damage to nearby businesses or homes as required by the negligent arson statute," and "noted that the evidence in [*Jacobs*] showed that the defendant had the specific intent required for intentional arson." *Id.* (internal quotation marks and citations omitted). The Court explained that the issue in *Jacobs*—like the issue here—is whether "the evidence was sufficient to show negligent arson." *Id.* (citing *Jacobs*, 1985-NMCA-054, ¶¶ 8-9).

**{6}**     Viewing the evidence in the light most favorable to the State and resolving all conflicts and making all permissible inferences in favor of the jury's verdict, *see State v. Hixon*, 2023-NMCA-048, ¶¶ 44-45, 534 P.3d 235 (explaining our well-established principles for reviewing the sufficiency of the evidence), we hold that there was sufficient evidence to support Defendant's convictions for negligent arson. Defendant stated in his confession that the fires he started "burned hot" on Victim's property. [MIO 3] Additionally, after Defendant started the fires in Victim's backyard that damaged Victim's

workshop and car, Defendant was seen leaving Victim's property while the fire was ongoing. As such, the jury could reasonably infer that Defendant was aware the fires he started created a "substantial and foreseeable risk," and that by leaving the property while the fires were ongoing, "he was wholly indifferent to the consequences of his conduct and to the welfare and safety of others." [RP 147] *See id.* ¶ 44. We therefore hold that there was sufficient evidence to convict Defendant of negligent arson.

**{7}** Defendant raises a new issue in his memorandum in opposition. Defendant asserts that, in the event that this Court reverses his convictions, Defendant cannot be retried for intentional arson because the State was required to join both intentional arson and negligent arson counts under Rule 5-203 NMRA. [MIO 14-16] Because we hold that sufficient evidence supports Defendant's two convictions, we deny Defendant's motion to amend the docketing statement as not viable. *See Moore*, 1989-NMCA-073, ¶ 45 ("We should deny motions to amend that raise issues that are not viable.").

**{8}** Finally, Defendant has abandoned his claims that the district court's admission of a recording of Defendant's confession violated the corpus delecti rule, the district court erred in only admitting a portion of Defendant's confession, Defendant's two convictions for negligent arson violated his right to be free from double jeopardy because the conduct was unitary, and cumulative error requires reversal. [MIO 8-16] As such, we need not address these claims of error further. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**